CHARLES WEBER *vs.* FREDERICK FICKEY, JR., use of THOMAS M. LANAHAN.

## DEMURRER.

*Liability of stockholders for the debts of the corporation—Act of 1872, ch. 325, sec. 59—Necessary averments in the declaration in cases where creditors of corporations seek to recover from delinquent stockholders—Bills of Particulars—Limitation of Actions—Pleading—Evidence.*

The consideration of a demurrer goes back to the first error in the pleadings.

By the Act of 1872, ch. 325, sec. 59, all the stockholders of a corporation are severally and individually liable to the creditors of the corporation of which they are stockholders, to an amount equal to any unpaid subscription held by them respectively.

If any one stockholder is required to pay a debt due by the corporation, he is entitled to contribution from all the other stockholders whose subscriptions are unpaid.

If any stockholder who has not paid up his subscription claims to be a creditor of the corporation, his unpaid stock is liable for the debt, and he cannot recover from another stockholder the full extent of his claim.

Where a stockholder, who is a creditor of the corporation, seeks to recover his debt from another stockholder who has not paid up his subscription, the plaintiff must aver and prove that he has paid up his whole subscription to the stock, and also that the defendant was a stockholder of the corporation *at the time the debt was contracted,* and that he has not paid up his subscription.

In an action against a stockholder of a corporation who has not paid up his subscription, to recover a debt due by the corporation, wherein the plaintiff declares on a judgment recovered against the corporation as his cause of action, the defendant is entitled to a bill of particulars, in order that he may be informed whether the debt due by the corporation was contracted *at the time* the defendant was a stockholder.

Weber *vs.* Fickey, use of Lanahan.

The judgment is the evidence of the debt due by the corporation, but it does not show *when* the debt was contracted.

The date of the debt incurred is a necessary part of the evidence to fix the liability of the stockholder.

A plea of limitations, alleging that the cause of action did not accrue within three years, is inapplicable in its terms to a judgment.

Where a judgment is made the basis of an action, record evidence of the judgment is the proper evidence to prove its existence as such.

Entries made in a book of a corporation used for the purpose of keeping account of shares of stock issued, in the hand-writing of the president, or of his secretary by the direction of the president, are admissible evidence in the hands of the president to prove the issue of shares of stock in said corporation.

APPEAL from the Superior Court of Baltimore City.

Frederick Fickey, Jr., the appellee, having recovered judgment on the 27th September, 1872, in the Circuit Court for Baltimore County, against the Baltimore County Marble Company, brought suit thereon in the Superior Court of Baltimore City against the appellant, as a member of said corporation, whose subscription to its stock was not fully paid.

The appellant demanded a bill of particulars, which the appellee resisted, upon the ground that the cause of action was set forth with sufficient certainty and particularity in the declaration. The appellant, without waiving his demand for the bill of particulars, then pleaded the general issue pleas, and also the following :

1st. That the alleged cause of action did not accrue within three years from the commencement of this suit.

8th. And for an eighth plea, he says : That the supposed judgment so rendered as aforesaid against the said supposed corporation, was not a proceeding to which the defendant was a party, and that there is no such sum, nor any sum of money whatsoever, due to the said plaintiff in that behalf, upon the true construction of the said supposed general laws of the State of Maryland.

9th. And for a ninth plea, he says: That at the time when the said alleged cause or causes of action are alleged to have accrued, that the said plaintiff in law and fact was, and thereinafter remained, and still is and now remains, a holder and subscriber to and of the stock of the said alleged corporation, within the true intent, sense, construction and meaning of the said Act and Acts of Assembly, and any and all amendments thereunto, by, through and under which the said alleged corporation became and was and is incorporated, and is not liable for the said supposed debt, and to contribute to payment thereof.

10th. For that the plaintiff and defendant, being members of the said supposed corporation, sustain the relation of partners each to the other.

11th. That the corporation of the Baltimore County Marble Company, of Baltimore County, was never organized by the persons named in the articles of incorporation, nor was there ever adopted by the said persons, or a majority thereof, or by the subscribers, any by-laws, rules, regulations, constitution or articles of association for their guidance, or the distribution of their power, duty or several authorities.

On motion of appellee, the Court ordered the first plea of the appellant to be stricken out.

The appellee demurred to the appellant's 8th, 9th, 10th and 11th pleas; which demurrer the Court sustained.

After verdict rendered for the appellee, and before judgment entered, the appellant moved in arrest of judgment, for reasons apparent upon the face of the proceedings: which motion the Court overruled. And the verdict and judgment being against him, the appellant took this appeal.

The exceptions are stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., ALVEY, MILLER, STEWART and BRENT, J.

*John Henry Keene, Jr.*, for the appellant.

*Thomas M. Lanahan* and *Joshua Passano*, for the appellee.

BRENT, J., delivered the opinion of the Court.

The consideration of a demurrer goes back to the first error in the pleadings. This we find in the declaration in this case, which does not disclose a sufficient cause of action to enable this plaintiff to recover.

The exhibition of the articles of incorporation shows that he is one of the original corporators, and the holder of stock in the company. His suit is to recover from another stockholder, to the extent of an unpaid subscription, for a debt alleged to be due from the corporation and is brought under the provisions of the Act of 1872, ch. 325, sec. 59. This section provides that all the stockholders of a corporation shall be severally and individually liable to the creditors of the corporation of which they are stockholders to an amount equal to any unpaid subscription to stock held by them respectively. It cannot be doubted, that if any one stockholder is required under it to pay a debt due by the corporation, that he is entitled to contribution from all the other stockholders whose subscriptions are unpaid. If such stockholder claims to be a creditor, his unpaid stock is liable for the debt, and while he himself is in arrears it would be manifestly unjust that he should be allowed to recover from another stockholder the full extent of his claim. It is therefore necessary to his recovery against another stockholder, that he should aver the payment of his whole subscription to the stock. If this averment is not made, and proven if put in issue, he cannot maintain his action at law.

A stockholder may certainly become a creditor of the corporation, and we can see no reasons why upon proper averments he may not, like any other creditor, proceed to

recover his debt. If his declaration discloses that he is relieved from responsibility as a stockholder by the payment in full for all the stock taken by him, so that he is discharged from liability to be sued by creditors, or stockholders in a suit between themselves to enforce contribution, the ground of objection to his maintaining the action, because a stockholder, is removed.

Another defect in the declaration is the omission to allege that the defendant was a stockholder at the time the debt sued for was contracted. It is not sufficient that he should have become one afterwards, or was so, at some time prior to the date of the credit given. He must have been a stockholder at the time, *Hager vs. Cleveland & Bassett*, 36 *Md.*, 476, and this is as essential to the right of recovery against him, as the fact that there is an amount of his subscription still unpaid. It is as necessary to aver the one as the other, and the omission of either averment from the declaration is a fatal defect. In the omission of this averment the declaration must also be held bad upon demurrer.

The record discloses that the plaintiff may have a good cause of action upon a proper amendment of his declaration. We shall therefore send the case back for a new trial, so that he may have an opportunity of making the necessary amendments, if he so desires, and of having it tried upon the merits.

This renders it necessary that we should express an opinion upon questions now presented in some of the exceptions and by the motion in arrest of judgment, as they may again arise upon a second trial.

We think the defendant is entitled to a bill of particulars, that he might be informed, whether the credits and advances, constituting the debt due by the corporation, were given and made at the time the defendant was a stockholder. The judgment is the evidence of the indebtedness of the corporation, but it does not show when the

debt was incurred. To meet this requirement, the cause of action upon which the judgment was rendered must be established by proper proof. It is the date of the debt incurred, which is a necessary part of the evidence to fix the liability of the stockholder, and hence the importance of putting before the jury the cause of action upon which the judgment was rendered.

The very purpose of an action like the present is to recover from a stockholder, to an amount not exceeding his unpaid subscription, a debt due by the corporation. *Act of* 1872, *ch.* 325, *sec.* 59. Whatever therefore is the evidence of such indebtedness, whether a note, judgment or otherwise is admissible in proof against him. If the corporation is indebted upon a judgment, and the defendant claims it is barred by limitations, the plea must be so drawn as to apply to it. The plea of limitations, as filed in this case, alleging that "the cause of action did not accrue within three years," is inapplicable in its terms to a judgment, and the Court upon this ground alone was correct in refusing to receive it. In *Garling vs. Baechtel, et al.*, 41 *Md.*, 305, where the suit was to recover against an individual stockholder upon a bond of the corporation, it was held, that the cause of action being a bond, the statute did not apply in three years. So in this case, the cause of action being a judgment due by the corporation, it is not barred by the statute in three years.

The eighth plea, we suppose, is intended to put in issue the right of the plaintiff to recover his judgment in the case against the corporation. In other words it is a claim, that in the present suit that case should again be tried upon its merits. If the plea had alleged fraud or collusion or the like in obtaining the judgment, it would have been different. Its validity might then have been attacked. But certainly as it stands, it is a binding debt upon the corporation and cannot now be attacked *solely* upon the ground that this present defendant was not a party to it.

The Court was therefore right in sustaining the demurrer to this plea.

The ninth and tenth pleas are disposed of, by what has been said in reference to the declaration.

The eleventh plea is not an answer to an action like the present. The judgment against the corporation must be taken as concluding the question of its power to contract in respect to that particular cause of action, and the adoption of by-laws, &c., by the corporation is not a condition precedent to the right of recovery by a creditor, who is pursuing his remedy against a stockholder under the provisions of the Act of Assembly above referred to.

The first, second, third and fourth exceptions are not tenable. They all go to the admissibility of the record of the judgment which was rendered against the corporation. As that judgment is the foundation of the present action, it is not seen upon what ground objection is made to the admissibility of the record of it in evidence. It is an important part of the plaintiff's proof, and could not have been ruled out without doing him manifest injustice.

The fifth and sixth exceptions are to the admissibility of evidence. The plaintiff testified that he was president of the company from 1870 to the latter part of 1871, and to show that certificates of stock to the amount of $5000 had been issued to the defendant was asked "to read the entries on the stump on margin of the book," from which the certificates of stock, after being filled up, had been torn. These entries were in his hand-writing, the book belonged to the company and as no regular stock book was kept, seems to have been the only one in which entries of stock issued were made. The entries being in his own hand-writing, and he further stating that he was familiar with the transaction, there can be no question of the admissibility of the proof. *Martin vs. Good*, 14 *Md.*, 399. And the same may be said in regard to the admissibility of the proof in the sixth exception. Although the

entries there are not in the hand-writing of the witness, yet they are made in the hand-writing of the secretary and *through the direction of the witness.*

It is not necessary to refer with particularity to the instruction which was granted on behalf of the appellee, and to the numerous prayers presented on behalf of the appellant which were refused.

Upon a new trial the case will be presented somewhat differently, but we see nothing in this record to indicate any error in the Court in the view taken of the several prayers submitted.

*Judgment reversed, and*
*new trial awarded.*

(Decided June 19th, 1877.)