BROWN v. TRAIL.

(Circuit Court, D. Maryland. April 1, 1898.)

1. CORPORATIONS—SUITS AGAINST STOCKHOLDERS—PLEADING—EFFECT OF JUDGMENT AGAINST CORPORATION.

In an action at law in another district to charge a defendant with individual liability as a stockholder in a Kansas corporation, based on a judgment of a court in that state against the corporation, the defendant is not precluded from pleading the general issue, under which he may contest the allegation that he is a stockholder, or his individual indebtedness on other grounds, but he cannot contest the indebtedness of the corporation, or any other matter which involves an attack upon the validity of the judgment, nor show that it was upon a claim for which the Kansas statute does not give the remedy sought to be enforced, unless such defenses are specially pleaded.

2. SAME—NATURE OF STOCKHOLDERS' LIABILITY—DEFENSES.

The liability of a stockholder in a corporation under the statute of Kansas (Gen. St. 1889, c. 23, § 46) is in the nature of a suretyship for the benefit of a creditor availing himself of the remedy therein prescribed, and is not an asset of the corporation, which passes to a receiver; hence the appointment of a receiver for the corporation is no defense to

89 F.—41

an action by a judgment creditor against a stockholder, based on such statute.

3. SAME—DEFENSE—PLEADING.

In an action at law based on such statute, a plea that plaintiff, at the time his claim against the defendant accrued, was himself a stockholder in the same corporation, states a good defense to the extent of plaintiff's own statutory liability as such stockholder, but no further, as the fact of his being a stockholder does not preclude the plaintiff from maintaining the action for the balance remaining due him after deducting the amount of his own liability.

4. SAME—CONSTRUCTION OF STATUTE—WHAT STOCKHOLDERS ARE LIABLE.

Under the Kansas statute all who are stockholders of a corporation at the time an execution against it is returned nulla bona are liable to the judgment creditor.

5. SAME—JUDGMENTS FOR TORTS.

A stockholder's liability under such statute extends only to debts and dues of the corporation, and he cannot be held liable for a judgment obtained for a tort.

6. SAME—SET-OFF—CLAIMS AGAINST CORPORATION.

The right of a stockholder to set off claims against the corporation, owned by him, against his statutory liability, being based upon equitable principles, and not upon the statute, to avail himself of such set-off when sued by a creditor of the corporation he must show that the claims were owned by him when the suit was commenced, and, if acquired after the insolvency of the corporation, the amount actually paid for them, to which extent only they can be set off.

This is an action at law by George R. Brown as a judgment creditor of the Western Farm-Mortgage Trust Company, a Kansas corporation, to charge the defendant, Charles E. Trail, as a stockholder in said company, under the statutes of Kansas. Heard on demurrer to pleas.

George Weems Williams and Philip Bartley Watts, for complainant.
Milton G. Urner, Wm. P. Maulsby, and Robert Biggs, for defendant.

MORRIS, District Judge. The plaintiff in this suit is a citizen of New York, who obtained a judgment for $14,688.08 against the Western Farm-Mortgage Trust Company, a corporation of the state of Kansas. The object of this suit is to enforce against the defendant, a citizen of Maryland, who is alleged to be a stockholder in the said corporation, the individual liability as stockholder imposed by the Kansas law.

The constitution of Kansas (article 12, § 2) provides:

"Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder and such other means as shall be provided by law."

The legislation of the state of Kansas on the subject is as follows:

Gen. St. Kan. 1889, c. 23, § 46: "No stockholder shall be liable to pay debts of the corporation beyond the amount due on his stock, and an additional amount equal to the stock owned by him."

Id. § 32: "Execution against Stockholder; Action.—If any execution shall have been issued against the property or effects of a corporation, except a railway, or a religious, or a charitable corporation, and there can not be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon; but no execution shall issue against any stockholder, except upon

an order of the court in which the action, suit or other proceedings shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and, upon such motion, such court may order execution to issue accordingly; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."

The questions raised by the plaintiff's demurrer to the defendant's first, second, tenth, and twelfth pleas relate to the conclusiveness of the plaintiff's judgment against the corporation, and how far it may be inquired into in this suit.

The judgment is evidence of an indebtedness by the corporation to the plaintiff. But the fact that the plaintiff has obtained a judgment against the corporation is only one element in establishing the defendant's liability in this suit. It does not by any means follow, because the Kansas corporation owes the judgment debt to the plaintiff, that the defendant owes the plaintiff anything. By the Maryland practice, following the common-law practice, under the general issue plea the defendant may prove almost any defense which tends to show that the plaintiff's claim is unfounded; and, among the other defenses under the general issue in this case, he may dispute the plaintiff's contention that the defendant ever was a stockholder. This is not like a suit based upon a judgment between the same parties, in which neither non assumpsit nor nil debit can be pleaded, the issue of indebtedness having been once for all determined by the judgment; but this is a suit against a stranger to the judgment, who is liable if the plaintiff proves, not only the obtention of the judgment against the corporation, but all the other facts which make him liable under the Kansas statute for the debt of the corporation. I therefore hold that the first plea, "never promised as alleged," and the second plea, "never was indebted as alleged," are not demurrable under the Maryland practice.

If, however, the defendant proposes to show that there is no such judgment, or that it was obtained by fraud, or that it is for a claim for which the Kansas statute does not give the remedy sought in this suit such defense must be pleaded specially. The tenth plea avers that at the date of the judgment the plaintiff was not a bona fide creditor of the corporation. The fact that there was due from the corporation to the plaintiff the amount recovered was settled by the judgment, and that question cannot be retried upon its merits in this litigation. I hold, therefore, that the tenth plea is bad, and the demurrer is sustained. Weber v. Fickey, 47 Md. 196–201; Mor. Priv. Corp. § 619; Ball v. Reese (Kan. Sup.) 50 Pac. 875.

The third, fourth, and fifth pleas, if amended, as proposed, will be held good.

The sixth and seventh pleas aver that before the bringing of the suit by the plaintiff against the corporation and the obtention of the judgment a receiver had been appointed by a Kansas court, who had taken possession of, and still has possession of, all the property of the corporation. The demurrer to these pleas is sustained. The right given to the creditor under the Kansas statute which this suit seeks to enforce is an individual liability of the stockholder to pay to the creditor an amount equal to the stock owned by the stockholder.

This liability is in the nature of a suretyship for the benefit of the creditor, and is not an asset of the corporation, which passes to the receiver, and it cannot be recovered by him.    Jacobson v. Allen, 12 Fed. 454.

The eleventh plea alleges that plaintiff was a stockholder to an amount exceeding $6,688.08 at and before the time when the corporation became and was insolvent.    If by this plea it is intended to aver that at the time the defendant is alleged to have become liable to the plaintiff as stockholder the plaintiff was himself a stockholder to the amount stated, then it seems to me the plea is a good defense to that extent.    That is to say, that the plaintiff in this action at law is compellable to exhaust his own stockholder's liability first, and can only go against other stockholders for the balance after crediting on his own claim the amount of his own stock liability.    In a suit in equity he might require all stockholders to contribute pro rata, but at law there can be no contribution, and he should be compelled to credit the full amount of his own liability.    3 Thomp. Corp. § 3447. I think, however, the plaintiff may, notwithstanding he is a stockholder, maintain this suit at law for the balance remaining after crediting the amount of his own liability.    The plea, therefore, is not a full answer to the plaintiff's claim, and in its present form the demurrer is sustained; but, if the plea be so framed as to show that it is intended to answer the plaintiff's claim only to the extent of the amount of the plaintiff's stock, and diminish it to that extent, then it can stand.    If the plaintiff has already satisfied and discharged his liability, that would be matter for replication.

The twelfth plea avers that the cause of action upon which the judgment was recovered was neither a due nor a debt of the corporation, and that the defendant was not a stockholder at the time said cause of action accrued.    In its present shape this plea must be held bad, and the demurrer sustained.    The liability as stockholder would seem to be fixed if he is a stockholder when execution is returned nulla bona.    Upon the other averment of the plea I am inclined to hold that the liability of the stockholder under the Kansas law is restricted to debts or dues of the corporation, and does not extend to judgments recovered for claims arising out of torts.    Chase v. Curtis, 113 U. S. 452–461, 5 Sup. Ct. 554.

The thirteenth, fourteenth, and fifteenth pleas aver that the corporation is indebted to the defendant in an amount exceeding the amount of his liability as stockholder, which he is willing to set off against his alleged liability; and the sixteenth plea avers that the indebtedness from the corporation to the defendant existed prior to the bringing of this suit, and that upon that indebtedness the plaintiff has obtained judgment against the corporation for a sum greater than his liability, and which he is entitled to set off in extinguishment of his liability.    It has been held by the court of appeals of Kansas in Musgrave v. Association (June 16, 1897) 49 Pac. 338, that under the Kansas statute the stockholder is entitled to set off just debts of the corporation voluntarily paid in good faith, and that he is also entitled to set off debts due by the corporation to himself.    There is, however, a question as to the date at which the stockholder must be a creditor

in order to have this right.    In Musgrave's Case, above cited, the agreed statement of facts recited that all the payments made by the defendant to creditors of the corporation, and all the claims due by the corporation to him, antedated the time when the plaintiff moved for execution against the defendant.   The bringing of the present suit is the equivalent of the remedy by the issuing of an execution against the stockholder under the Kansas law.   It would seem to result that, in order to be offset the claim must be one which the defendant had at the time this suit was entered.   It was held in Abbey v. Long, 44 Kan. 688, 24 Pac. 1111, that this right to diminish or extinguish the stockholder's liability by set-off of claims due to the stockholder himself or just debts of the corporation voluntarily paid by him arose, not out of the statute itself, but from equitable considerations, and that the court should see that it was applied so as to produce equitable results.   In Abbey v. Long, the supreme court of Kansas held, that where a stockholder bought up claims against the corporation at a discount, he could set them off in discharge of his liability to creditors only to the amount actually paid by him for them.   The report of that case does not distinctly state when it was that the stockholder acquired the claims.   On page 692, 44 Kan., and page 1112, 24 Pac., the court, in its opinion, says:

"This method of discharge from liability has its origin in, and is based entirely upon, equity; it being held that, as no creditor has any exclusive right to the fund of any individual stockholder before execution issues, the voluntary bona fide payment in good faith of a just debt of the corporation equal to the amount of stock held by a stockholder is, in equity, equivalent to the payment of so much on an execution issued under the statute.   But, as this method of discharge depends upon equity for its existence, the voluntary payment, to operate as a discharge, must be a bona fide payment of a just debt, and made in good faith."

It seems to me that it is not consistent with the good faith so required that after the issue of execution, or of its equivalent, the bringing of a suit, against a stockholder, he should be allowed capriciously to defeat the action by subsequently seeking out some other creditor of the corporation, and paying him in preference to the plaintiff.   3 Thomp. Corp. § 3838; Wells v. Robb, 43 Kan. 201, 23 Pac. 148;  Jones v. Wiltberger, 42 Ga. 575.    I think that the thirteenth, fourteenth, and fifteenth pleas are defective—First, in not setting out with more particularity the cause of action of the alleged indebtedness of the corporation to the defendant;  second, because they do not allege whether the defendant acquired the claims before or after this suit was instituted; third, because they do not allege whether or not the defendant acquired the alleged claims before the insolvency of the corporation, and, if after the insolvency, and before the bringing of this suit, what amount the defendant paid for them.   The sixteenth plea does allege that the corporation was indebted to the plaintiff, before the bringing of this suit, upon which claim the defendant has obtained judgment against the corporation;  but it does not allege whether or not the claim was acquired by the defendant before or after the insolvency of the corporation, and, if after the insolvency, what sum was paid for it.   For that reason I think it defective.   For the above reasons, the demurrers to the thirteenth, fourteenth, fifteenth, and sixteenth pleas are sustained.