## JOSEPH L. WHITE ET AL. *vs.* C. HOWARD HOOK ET AL.

*Appeal—Exceptions to Auditor's Report—Liability of Holder of Unpaid Shares of Stock.*

Appeal from an order of Circuit Court No. 2, of Baltimore City (STOCKBRIDGE, J.) *Affirmed.*

The Court said: "A creditors' bill was filed by Fisher, Boyd and Hook against the appellants and Marion A. Frazier, stockholders in the Baltimore Extract and Wool Company of Baltimore City. It was alleged that Fisher, Boyd and Hook were severally creditors of the corporation, and that the defendants (now appellants) were stockholders in the corporation, and that they had received certain shares of stock without having paid for them, and that the corporation had become insolvent. It was also alleged that Fisher and Boyd had been induced to purchase stock in consequence of false and fraudulent representations made to them by Frazier. The Court decreed that the claims of Fisher, Boyd and Hook as creditors should be paid by the defendants, but disallowed all claim in behalf of Fisher and Boyd, as stockholders. The Court referred the case to an auditor to state an account between the creditors whose claims had been established and the defendants. An auditor's account was stated, in which certain amounts were allowed to the creditors who filed the bill. Exceptions were filed by the appellants to the claims of Fisher and Boyd, but not to the claim of Hook. The exceptions were overruled by the Court, and the auditor's account finally ratified and confirmed. An appeal was taken from the order overruling the exceptions and finally ratifying the account ; but no appeal was taken from the decree of the Court. All of the defendants joined in the appeal except Frazier, who is insolvent.

"There is no controversy about the legal questions in this case. But there is great conflict in the testimony. The learned Judge who decided this case below was satisfied

that Fisher and Boyd had established claims for salary due them as employees of the corporation, and that the appellants had each received one hundred shares of the stock without having paid anything for them, and that when they entered into the service of the corporation they had no knowledge of this fact. The insolvency of the corporation is not questioned. Upon these facts it was decreed that the appellants should contribute to the payment of the creditors rateably out of the amounts due for their unpaid stock. The correctness of his Honor's legal conclusion from the facts is unquestionable. *Crawford* v. *Rohrer*, 59 Md., and many other cases set the question at rest. It is unnecessary to spread out in our opinion the voluminous testimony in the record. The decision of the questions of fact would be of no value as a precedent in future cases. We are therefore content after a full consideration of the evidence, to say that we agree with his honor in respect to it.

" A point is made in the appellants' brief which might have been advantageous to them if made at the proper time in the Court below. It is thus stated in their brief: ' The plaintiffs, Boyd and Fisher, at the time of bringing suit, and previously, were the owners of stock in this corporation not fully paid for, and cannot maintain an action against other stockholders to compel payment for their stock without having first paid up and exhausted their own liability as a stockholder.' The appellees could not have maintained action at law against other stockholders without having paid for their stock in full. *Weber* v. *Fickey*, 47 Maryland, 196. But they do not forfeit their claims on this account. There is no reason why in a suit in equity they should not recover against holders of unpaid stock, deducting a rateable amount for what is due on their own stock. The question, however, is not before us. The Court had decreed that the claims of Fisher and Boyd should be paid in full, and referred the case to the auditor to state an account between them and the defendants, that is, to ascertain what amounts each defendant should contribute to pay them. There was no appeal from this decree. The exceptions to the auditor's

account are as follows: 1st. That the said Henry R. Boyd had full knowledge that the defendants had not paid for the stock held by them. 2nd. That there is nothing due to the said Henry R. Boyd and Godfrey Fisher from the defendants, the exceptants in this case. 3rd. For such other and further reasons as may hereafter be filed. The appeal was taken from the overruling of these exceptions. They do not touch the present question. At most they renew questions already decided by the Court, and disregard the question which had been referred to the auditor."

Opinion by BRYAN, J., filed June 29th, 1898. Recorded in Liber J. F. F. and A. R. No. 1, folio 80 of "Opinions Unreported."

*Alex. H. Robertson* and *Howard M. Emmons*, for the appellants. *R. B. Tippett* and *W. S. Bausemer*, for the appellees.