DAVID C. McLAUGHLIN, Receiver of Park City Bank, Respondent, v. GENEVA KIMBALL, Administratrix of the Estate of Edwin Kimball, Deceased, Appellant,[1] and DAVID C. McLAUGHLIN, Receiver of Park City Bank, Respondent, v. GILBERT D. GREGOR, Appellant.

Stockholders' Statutory Liability—Actions to Enforce—By Whom Brought—Authority Conferred by Sub-div. 6, Sec. 3114, R. S. 1898—Extent of.

*Stockholders' Statutory Liability—Actions to Enforce—By Whom Brought.*

Actions to enforce the statutory liabilities of the stockholders of an insolvent banking corporation should be brought by the creditors. A receiver, either general or special, whether appointed at the suit of a stockholder or at the suit of a creditor, has no power to bring such action.

*Authority Conferred by Sub-div. 6, Sec. 3114, R. S. 1898—Extent of.*

The authority for the appointment of a receiver conferred by Sub-div. 6, Sec. 3114, R. S. 1898, does not extend to the appointment of a receiver for the purpose of enforcing stockholders' statutory liabilities over and above the amount of their stock.

(Decided September 29, 1899).

Appeal from the Third District Court, Salt Lake county, Hon. Ogden Hiles, *Judge.*

Action by plaintiff as receiver of the Park City Bank against defendant as administratrix, alleging the liability of her decedent as a stockholder in the defunct bank. From a judgment for plaintiff defendant appeals. *Reversed.*

---

[1] *Steinke* v. *Loofbourow,* 17 Utah, 252, *followed.*

*Messrs. Bennett, Harkness, Howat, Bradley &
Richards*, for appellant Kimball, and *Messrs. Dickson,
Ellis & Ellis*, for appellant Gregor.

If the statutory liability of the stockholders is an asset
of the bank, then the plaintiff, as receiver, can maintain
the suit.   If it is not an asset of the bank, then, we think,
that he cannot maintain it.   It is virtually the unanimous
opinion of all the courts and all text writers, that the
statutory liability of the stockholder is not an asset of the
corporation.   *Hicks* v. *Burns*, 38 N. H. 145; *Jacobson*
v. *Allen*, 12 Fed. 454; *Pierson* v. *Morch*, 82 N. Y. 503.

The authorities, so far as we know, with but two excep-
tions, hold that the statutory liability of a stockholder is
not an asset of the corporation, and that the receiver of
the corporation, in the absence of statutory authority, can-
not maintain a suit to enforce the statutory liability.
Smith on Receivership, Sec. 78, and cases cited; Cook
Stock & S., Sec. 216; Mor. Private Cor., Sec. 869;
Thompson Cor., Sec. 3560; Taylor Private Cor., Sec. 721;
*Steinke* v. *Loofbourow*, 54 Pac. (Utah) 120; *Jacobson*
v. *Allen*, 12 Fed. 454; *Bristol* v. *Sanford*, 12 Blatch.
341; *Curtis* v. *Leavitt*, 15 N. Y. 44; *Story* v. *Furman*,
25 N. Y. 214, 219; *Pfohl* v. *Simpson*, 74 N. Y. 137;
*Farnsworth* v. *Wood*, 91 N. Y. 308; *Runner* v. *Dwig-
gins*, 46 N. E. (Ind.) 580; *Wright* v. *McCormack*, 17
Ohio St. 86; *Association* v. *Watkins*, 70 Mo. 13; *In re
People's L. S. Ins. Co.*, 56 Minn. 180; *Wincock* v. *Tur-
pin*, 96 Ill. 138; *Lane* v. *Morris*, 8 Ga. 468.

We believe the question to have been settled by this
court in the case of *Steinke* v. *Loofbourow*, 17 Utah,
252, S. C. 54 Pac. 120, where this court held that under
the statute of Iowa, making stockholders liable to cred-
itors in a sum equal to the amount of their stock, the suit

could not, in the absence of statute authorizing it, be maintained by the receiver, but should be brought by the creditor. The decision in that case is, we think, decisive of this case.

A statute which imposes upon the stockholders of a corporation a personal liability for the corporate debts should be strictly construed, and cannot be extended beyond its literal terms. *Gray* v. *Coffin*, 9 Cush. (Mass.) 192, 199; *Case* v. *Lord*, 77 N. Y. 1.

"The general rule is that the person whose name rightfully appears on the books of the corporation is the shareholder, both as to the corporation and to the public. 3 Thomp. on Cor. Sec. 3192, and cases cited; *Hawkins* v. *Glenn*, 131 U. S. 319; *Irons* v. *Nat. Bank*, 27 Fed. Rep. 591; same case, under the title of *Richmond* v *Irons*, 121 U. S. 27.

By our statute the statutory liability of shareholders is ratable. In such cases we claim that the suit should be against all the stockholders by a suit in equity. Smith on Receiverships, page 178, and notes.

*Dickson, Ellis & Ellis*, for Appellant Gregor.

The plaintiff, *as receiver* of the Park City Bank, cannot maintain this action against either of the defendants at all.

While the point, in our judgment, is settled in Utah in the case of *Steinke* v. *Loofbourow*, 17 Utah, 252. We add the following cases: *Mechanics' S. Bank* v. *Fidelity Ins. Co.*, 87 Fed. Rep. 116 and 117; *Terry* v. *Little*, 101 U. S. 216; *Dutcher* v. *Bank*, 12 Blatchf. 435, (Fed. case 4,203); *Minneapolis Paper Co.* v. *Swinburne Printing Co.*, 66 Minn. 378; *Crease* v. *Babcock*, 10 Metclf. (Mass.) 525; *Association* v. *Watkins* 70 Mo. 13.

Our contention is that a person cannot be constituted a

shareholder in a corporation by transfer of shares without his consent, and when by fraud or deceit, or want of proper authority, a person's name does appear upon the books as a stockholder, no matter how it got there, such entry is not even *prima facie* proof that he is a stock-holder, and the burden is not upon him to disprove it.

*It-has been so held: Carey* v. *Williams,* 25 C. C. A. 227, 79 Fed. R. 906.

The following cases treat various phases of this case. and are cited here as authorities upon the remedy here invoked, as well upon the right of plaintiff to sue at all, and as to the necessary parties. *McLaughlin* v. *O'Neill,* 51 Pac. R. 244; *Pollard* v. *Bailey,* 87 U. S. 524, 20 Wall. 520; *Hornor* v. *Hennings,* 93 U. S. 232; Thompson on Corporations, Secs. 3440 and 3446. (The latter section putting the case of a stockholder who is himself a creditor, as in this case.) *Mathez* v. *Neidig,* 72 N. Y. 103; *Griffith* v. *Mangan,* 73 N. Y. 612; *Elkhart N. Bank* v. *Northwestern G. Co.,* 87 Fed. R. 253-4-5; 87 Fed. R. 117; *Mech. S. B.* v. *F. I. T. Co.,* 89 Fed. R. 643; *Hale* v. *Hardon,* 89 Fed. R. 288-9; *State N. Bank* v. *Sazward,* 91 Fed. R. 446-7-8; *Zang* v. *Wyant et al.,* 56 Pac. R. (Colo.) 565.

*Messrs. Brown & Henderson,* for respondent.

Whenever a trust fund exists and the essential parties to a full administration and distribution of it are very numerous or cannot be fully ascertained, or where multitudinous suits can be avoided by it, any one of the aggrieved parties may file a complaint in behalf of himself and all others interested in the same right who may desire to come in, and in such case the parties who are similarly interested— especially if it be a trust fund where all have to be joined

as in this case, where the right has to be enforced in favor of all — are bound by the decree. Story's Eq. Plead (10th ed.) Secs. 95-133. *Hallett* v. *Hallett*, 2 Paige ch. 19; *Thompson* v. *Reno S. Bank*, 19 Nev. 291.

Instances of the application of this doctrine at common law are stated in, Story's ed. Plead, (10th ed.) Secs. 108-119.

From the sections last above referred to, the court will see that the principle has been applied fully in cases upon principle analogous to the cases at bar.

The Statute of Utah fully recognizes this equitable doctrine, and has adopted it. Revised Statutes 1898, Sec. 2917.

The statutory liability in the Utah Statute, is a liability to the creditors as a class; each stockholder owes to each and every creditor as a class and not severally, a proportionate share of the indebtedness and is responsible "equally and ratably, and not one for another." This statute is a literal copy of the United States Statute stating the liability of share holders. 2 Comp. Laws, Sec. 2513, p. 77.

Under such a statute, the remedy is exclusively in equity, and an action to enforce the liability, must be an action in which all the creditors are represented,— that is, it must be *by* or *for* all the creditors. 3 Thompson on Corp., Secs. 3434-3435-3431-3432. *Terry* v. *Little*, 101 U. S. 216; *Pollard* v. *Bailey*, 20 Wall. 520; *McKuskick* v. *Seymour*, 50 N. W. 1114; *Horner* v. *Heming*, 93 U. S. 228; *Low* v. *Buchanan*, 94 Ill. 76.

The stockholders are not necessary parties to the original case, and the proceedings in that action being against the bank, the stockholders are included in it on the ground that they are an integral part of the corporation. They are parties wherever the corporation is a party. 3 Thompson on Corp., Secs. 3292-3399 inc.; 1 Cook on Stockholders, Sec. 224. *Gt. West Tel.* v. *Gray*, 122 Ill. 630.

The holders of unrecorded stock are liable for the statutory liability.   1 Cook on Stockholders, Sec. 262; Morse on Banking, Sec. 682; *Mann* v. *Alexander*, 44 O. St. 319–332; 3 Thompson on Corporations, Sec. 3305; 1 Thompson on Corporations, Sec. 1140; *Finn* v. *Brown*, 142 U. S. 71; *Bank* v. *Eaton*, 141 U. S. 227; *Kellogg* v. *Stockwell*, 75 Ill. 68.

## STATEMENT.

By consent both of these cases were heard together in the court below and in this court.   The facts are that on June 12, 1893, and prior thereto, the Park City Bank was a banking corporation organized and existing under the laws of the Territory of Utah, with a capital stock of fifty thousand dollars divided into five hundred shares of the par value of one hundred dollars each; that on said date all the property of said bank was assigned for the benefit of creditors to Edwin Kimball, who at once took possession and commenced to wind up and administer the affairs of the bank under the assignment, and so continued, until his death on October 10th, 1893, that on October 13th, 1893, one Cornelius McLaughlin commenced suit against said bank in the third district court of the Territory of Utah, alleging in his complaint the insolvency of the bank, the assignment to Kimball, and his death, and alleged that the said bank was indebted to said Cornelius McLaughlin upon a certificate of deposit in the sum of $20,000, and interest, and prayed for a receiver to take possession of the assets of the bank and wind up its affairs in the interest of all creditors; that on the same day David C. McLaughlin, the plaintiff herein, was duly appointed the receiver of the said bank to wind up its affairs, and duly qualified as such; that on or about November 1st, 1893, Cornelius McLaughlin died, and that thereafter

Edward McLaughlin was duly appointed executor of the estate of the deceased by the probate court of Summit county, Utah; that the action brought by Cornelius McLaughlin was, after his death, revived in the name of Edward McLaughlin, as exceutor of Cornelius McLaughlin, after his appointment as such executor, and a judgment rendered in favor of Edward McLaughlin, executor, against the Park City Bank for $21,358.70 damages, and $21.50 costs; that on the 12th of August, 1894, Edward McLaughlin as such executor, filed his complaint in the third district court of Utah, against the Park City Bank, in behalf of himself and all other creditors of the bank, alleging that the bank was insolvent, and that after exhausting all the assets of the bank there would remain due to the creditors the sum of $75,000 and further alleging that by virtue and reason of the statute under which the bank was organized, the stockholders of the bank were liable for the full amount of the stock of the bank held by them; that no judicial ascertainment has ever been made of the amount of the deficit, other than the determination in the case at bar and also of the case of Edward McLaughlin against the Park City Bank for the appointment of a special receiver, the latter being a recital that the deficit exceeded $50,000.00; that on the 12th day of August, 1894, in said suit of Edward McLaughlin, executor, against the Park City Bank, the court made an order appointing, as special receiver, for the purpose of collecting the fund due upon the statutory liabilities of all of the stockholders, D. C. McLaughlin, who was already the general receiver of the said bank; that the defendant, Geneva Kimball, is the duly appointed administratrix of Edwin Kimball, deceased, who is the same Edwin Kimball to whom the bank assigned; and that the plaintiff, D. C. McLaughlin, duly presented with-

in the time allowed by law a claim against the estate of said Edwin Kimball, and that the same was rejected by defendant Geneva Kimball, administratrix, before the commencement of this action. The trial court found that at the time of the assignment of the said bank, Edwin Kimball was a stockholder in said bank to the amount of forty shares, and defendant Gregor to the amount of fifty shares, and that the shares of Kimball and Gregor had not been transferred to them on the books of the company, but there is no finding whether they were original subscribers for said stock or purchasers thereof. Judgment was rendered against the defendant Geneva Kimball, administratrix, for the sum of $4,000.00, and interest, from the date of the commencement of this suit, and against defendant Gregor for the sum of $5,000.00, and interest from the date when this suit was commenced.

A motion for a new trial was made by each defendant, the same overruled, and an appeal taken to this court.

HART, *District Judge*, after stating the facts, delivered the opinion of the court.

The principal question to be decided in this case, is whether a special receiver, appointed as set forth above, can recover the statutory liability of a stockholder of an insolvent banking corporation above the amount due the corporation in payment of his stock. The decision of this court in the case of *Steinke* v. *Loofbourow*, 17 Utah 252, 54 Pac. Rep. 120, decided since the judgments for plaintiff were rendered in the cases at bar, goes far toward determining the question here involved. It was decided in that case that a general receiver of a banking corporation could not maintain suit against stockholders for their statutory liabilities. The only material difference between that case and the one at bar is that

there the plaintiff was the general receiver of the bank and its assets, appointed at the suit of a stockholder; while here the plaintiff is a special receiver appointed at the suit of a judgment creditor in behalf of himself and all other creditors for the purpose of collecting the fund due upon the statutory liabilities of the shareholders. In the Steinke case, this court said: "There appears to be no necessity for thrusting the bank or its receiver between the creditors and the stockholders * * * When it becomes necessary to resort to the individual liability of the stockholders above the amount of their stock, under a statute similar to the one quoted, the decided weight of authority is to the effect that the suit should be brought by the creditors, though there is a substantial conflict which cannot be reconciled; but we think the more reasonable and better rule is as we have stated it."

In addition to the above mentioned case and the authorities there referred to, the following may be cited as sustaining the same rule: Cook, Stock. & S. Sec. 218; *Zang* v. *Wyant*, (Colo.) 56 Pac. 565; Thompson, Corp. Sec. 3560; *Runner* v. *Higgins*, (Ind.) 46 N. E. 580; Morse on Banks and Banking, Sec. 696 (3d ed.)

Since this court has chosen to adopt the rule that the creditors and not the general receiver of the insolvent company are the proper parties to collect the statutory liabilities of the stockholders, we do not think it would be wise to fritter away the rule by making exceptions based upon finely drawn distinctions as to the name by which the receiver is called, the form of the order appointing him, or whether he is appointed in a suit brought by the creditor or the stockholder. To adopt such distinction would be to add perplexing uncertainties to a rule which should remain fixed and absolute unless changed by the legislature. There is no case cited to this point by counsel that is not

squarely met by the decision of this court above referred to. It is urged that a distinction should be made where a receiver is appointed in a creditor's suit, and not in a suit brought by one of the stockholders. We do not think it would be either logical or expedient to make such a distinction.

The principal reason why the courts have not permitted receivers of insolvent corporations to recover the statutory liabilities of stockholders, over and above the amount due the corporation as assessments on their stock is, that this additional statutory liability of stockholders is not an asset of the corporation which the receiver is authorized to take into his possession, but belongs to creditors in the event that their claims cannot be paid out of the corporate assets. But even this obvious truth, that the statutory liability is not a corporate asset, is disregarded in such cases as *Wilson* v. *Book* (Wash.) 43 Pac. 959; *Watterson* v. *Masterson*, (Wash.) 46 Pac. 1041; and *Cushing* v. *Perot*, 175 Pa. St. 66. The doctrine of these cases this court has declined to adopt. The fact that the general receiver is appointed in a suit brought by a creditor and not a stockholder should be considered a mere incident. The receiver stands in the same representative capacity in the one case as in the other. If appointed at the suit of a creditor, to collect and take possession of the corporate assets, he represents all the parties interested—the creditors, stockholders and the corporation. If appointed in a suit by the stockholders to wind up the affairs of the corporation, he likewise represents the same parties.

The case of *State* v. *Union Stock Co.*, (Iowa) 70 N. W. Rep. 752, is decided upon the statute of that state, and also upon what appears to be a misapprehension of the case of *Story* v. *Furman*, 25 N. Y. 214. That the latter case was decided under a special act of that state

passed in 1852 for the dissolution of a corporation organized under the law of 1811 is clear from the decision itself. That the case is so understood in the jurisdiction rendering the same is shown in *Farnsworth* v. *Wood*, 91 N. Y. 303. Although the case of *Story* v. *Furman* is beyond all question decided by reason of the statute, there are certain *obiter dicta* in the case which have sometimes been quoted and relied upon as though an essential part of that case.

Admitting that it would be a convenient and desirable remedy for the receiver of a corporation to collect for the creditors their dues from the stockholders, the relief is to be sought at the hands of the legislature and not the court.

In the case at bar, a general receiver is appointed at the suit of a creditor. The same creditor, after reducing his claim to judgment, brings suit against the corporation represented by the receiver he has had appointed seeking nothing against the corporation, the relief sought being against the stockholders. The stockholders are not made parties to the suit except as they are represented through the receiver. The creditors are only parties to the suit by the same being brought by one creditor in behalf of all. No time is given either to the other creditors or to the stockholders to come in and directly participate in the proceedings for the appointment of the special receiver, but on the same day that the suit is filed the general receiver consents to the appointment of himself as the special receiver, and then as special receiver he brings the suit at bar. There was no judicial determination of who were the creditors, the amounts of their claims, nor of the exact amount due the creditors after exhausting the assets of the corporation. The recital in the order appointing the general receiver that there will be a deficiency in the payment of the corporate indebtedness exceeding $50,000.00.

the amount of the capital stock of the corporation, must be considered purely as an *ex parte order*. If a special receiver appointed under such circumstances should be allowed to sue in behalf of the creditors for the statutory liabilities of stockholders, why would not a special receiver, appointed in the first suit by the creditors against the corporation, have the same powers? If so, and it is difficult to see how any material distinction can be made between the two instances, then the question would have to turn upon the particular powers that the court purported to confer upon the receiver in its order appointing him.

If the court has the power to confer such special power upon the receiver, why not confer them upon the general receiver at the time of his appointment, and direct him to sue stockholders on their statutory liabilities in the event that the corporate assets are insufficient to pay the corporate creditors? The remedy sought in this case would be a convenient one, no doubt, if the statute had authorized it, as the statutes in some states have done; but if the receiver has no such authority under the law by virtue of his office as receiver, as this court has determined, what authority has the court to confer this power upon him? There is no fund in the possession of the court which this special receiver is to take charge of, neither is he to collect assets belonging to the corporation, the general receiver having been appointed for that surpose. Section 3114 of Revised Statutes of Utah, 1898, subdivision 6 enacts: "A receiver may be appointed by the court in which an action is pending or has passed to judgment, or by the judge thereof * * * (6). In all other cases where receivers have been appointed by the usages of courts of equity." Is it the usage of courts of equity to appoint a receiver under such circumstances and with such powers as in this

case? If so, no such case has been called to the attention of the court. Simply because there are a large number of persons each having a claim against one or more persons, should the court in the absence of a statute, on motion of one or more persons having a claim, appoint a receiver to bring suit as such in behalf of all the creditors? If so, there would be scarcely any limit to which the courts would not be burdened in doing for individuals what they should do for themselves.

A receiver is but "the hand of the court." Unless the necessities of the occasion require, individuals and not the officers of the court should bear the responsibility of litigating their own claims. If a receiver should be appointed in such a case, where can the line be drawn, unless drawn by the statute? If several creditors are entitled to a receiver to collect their dues from several stockholders, a receiver could be appointed in any other cause where several plaintiffs are seeking recovery against several defendants. While perhaps not quite so convenient a remedy, the creditor has means of complete relief in a creditor's suit against the stockholders. This is the relief pointed out in the decision of this court heretofore referred to, and is the remedy that would have doubtless been followed had not these proceedings been instituted and trial had before the decision rendered in the causes referred to.

It is ordered that these causes respectively be remanded to the trial court with instructions to dismiss the same at the costs of the respondent.

BASKIN, J., and McCARTY, District Judge, concur.