## HAMMOND, RECEIVER, *v.* CLINE ET AL.

[No. 21,090.  Filed May 26, 1908.]

1. PLEADING.—*Demurrer.*—*Parties.*—*Right to Sue.*—A demurrer for want of facts, questions the plaintiff's right to maintain the action. p. 453.

2. RECEIVERS.—*Actions by.*—*Authority.*—The receiver has no right to maintain an action authorized by an order of the court, where the law does not authorize the court to make such an order. p. 454.

3. SAME.—*Insolvent Corporations.*—*Stockholders.*—*Statutory Liability to Creditors.*—*Parties to Actions Concerning.*—The receiver of an insolvent corporation has no right to maintain an action, for the benefit of creditors, to recover upon the stockholders' statutory liability to creditors, such action being purely personal to the creditors. p. 454.

4. CORPORATIONS. — *Stockholders.*—*Statutory Liability.*—*Rights.*—Corporations have no interest in their stockholders' statutory liability to the corporation's creditors. p. 454.

5. ACTION.—*Numerous Parties.*—*Stockholders.*—*Statutory Liability.*—*Receivers.*—The receiver of an insolvent corporation is not a creditor thereof, and cannot, under §270 Burns 1908, §269 R. S. 1881, providing that where the persons interested in an action are numerous, one may sue for the benefit of all, maintain an action for the enforcement of the stockholders' statutory liability, for the benefit of all of such corporation's creditors. p. 455.

From Hancock Circuit Court; *E. W. Felt,* Judge.

cannot be enforced by the receiver of an insolvent corporation for the benefit of the creditors. *Runner* v. *Dwiggins* (1897), 147 Ind. 238, 36 L. R. A. 645, and authorities cited; *Wallace* v. *Milligan* (1887), 110 Ind. 498; *Gainey* v. *Gilson* (1897), 149 Ind. 58.   See, also, *Hale* v. *Allinson* (1903), 188 U. S. 56, 23 Sup. Ct. 244, 47 L. Ed. 380; *Evans* v. *Nellis* (1902), 187 U. S. 271, 23 Sup. Ct. 74, 47 L. Ed. 173; *Hancock Nat. Bank* v. *Ellis* (1898), 172 Mass. 39, 51 N. E. 207, 42 L. R. A. 396, 70 Am. St. 232; *Colton* v. *Mayer* (1900), 90 Md. 711, 45 Atl. 874, 47 L. R. A. 617, 78 Am. St. 456; *McLaughlin* v. *Kimball* (1899), 20 Utah 254, 58 Pac. 685, 77 Am. St. 908; *Wincock* v. *Turpin* (1880), 96 Ill. 135; *Farnsworth* v. *Wood* (1883), 91 N. Y. 308; *Burns* v. *Trail* (1898), 89 Fed. 641; 3 Thompson, Corporations, §§3560, 3561; Cook, Stockholders (2d ed.), §218; 2 Beach, Priv. Corp., §716.   This case belongs to the same class as the cases just cited.

It does not, as maintained by appellant, come within the operation of §270 Burns 1908, §269 R. S. 1881, which provides that those united in interest must be joined as plaintiffs, and when numerous one may sue for the benefit of all.   This is not an action by one creditor for numerous creditors.

We think the demurrer was rightly sustained.   Judgment affirmed.