THEODORE G. STEINKE, APPELLANT, v. C. F. LOOF-BOUROW, RESPONDENT.

*Individual Liability of Stockholders Above the Amount of their Stock—By Whom Suit to be Brought.*

An action upon the invidual liability of stockholders, above the amount of their stock, to the creditors of a corporation, under section 1, c. 208, Acts 18th Gen. Assem. Iowa, should be brought by the creditors, and not by the corporation or its receiver.

(No. 942.    Decided Aug. 13, 1898.)

Appeal from district court, Salt Lake county; A. N. Cherry, *Judge.*

Action by Theodore G. Steinke, receiver of the Cass County Bank, against C. F. Loofbourow, to recover upon his liability as a stockholder. From a judgment dismissing the action, plaintiff appeals. *Affirmed.*

*Frank Pierce*, for appellant:

We see no reason why the receiver, when once appointed, no matter at whose instance he may be appointed, may not collect the stock liability. See the following cases: *Wilson* v. *Book*, 43 Pac. 939; McClain's Annotated Code of Iowa, 1888, p 411, sec. 2585; *Stone* v. *Union Stock Yards Bank*, 70 N. W. (Iowa) .752; *Watterson* v. *Masterson*, 46 Pac. 1041; *Farmers' Loan and Trust Co.* v. *Funk*, 68 N. W. 520; High on Receivers, sec. 317a; *Story* v. *Furman*, 25 N. Y. 214, last two paragraphs.

It has been frequently held that, before the receiver can proceed against the stockholders on their liability, the court must find that the other assets are insufficient. *Hewet* v. *Adams*, 54 Maine 206; 5 Thompson on Corporations, sec. 6963; 3 Thompson on Corporations, sec. 3538; *Bell's Appeal*, 2 A. S. R. 535 (Pa.); 2 Thompson on Corporations, sec. 1703.

*Brown & Henderson* and *C. F. Loofbourow*, for respondent:

A receiver of an insolvent corporation who has been invested with all the estate, property and equitable interests of the concern has no power to enforce this statutory liability. Cook on Stock and Stockholders, sec. 218; Thompson on Corporations, vol. 3, sec. 3098; *Umsted* v. *Buskirk*, 17 Ohio State 114;. *Wright* v. *McCormack*, 17 Ohio State 87; *Dutcher* v. *Marine National Bank*, 12 Blatch. 435; Morawitz on Pri. Corp. sec. 869; Taylor on Pri. Corp. sec. 721; Smith on Receivership, sec. 78; *Runner* v. *Dwiggins*, 46 N. E. Rep. 581 (Ind.); *Wallace* v. *Milligan*, 110 Ind. 496;

*Association* v. *Watkins*, 70 Mo. 13; *Wincock* v. *Turpin*, 96 Ill. 125; *Paper* v. *Swinburn*, 96 N. W. Rep. 114; *Farnsworth* v. *Wood*, 91 N. Y. 308; *Bristol* v. *Sanford*, 12 Blatch. 341; *Arenz* v. *Weir*, 89 Ill. 25; *Patterson* v. *Minnesota, etc., Co.*, 42 N. W. Rep. 926 (Minn.); *Mason* v. *N. Y. Silk, etc., Co.*, 27 Hun 307; *Billings* v. *Trask*, 30 Hun 314; *Terry* v. *Little*, 101 U. S. 216.

ZANE, C. J.:

This is an appeal from a final judgment dismissing plaintiff's action. It appears that the Cass County Bank was incorporated under the laws of the state of Iowa, where it afterwards did a banking business; that on December 27, 1893, one Isaac Dickerson, a stockholder, obtained an order of the district court of the district in which the bank was situated appointing the plaintiff, Theodore G. Steinke, receiver of its assets, with authority to take possession of all its property, and convert the same into money; to collect all indebtedness due the bank, and bring such suits as might be necessary in so doing, and pay its indebtedness, so far as its assets would go. It also appears that the defendant was the owner of six shares of its stock, of the par value of $3,000, when the indebtedness of the bank was incurred for which this suit was brought; that the indebtedness of the bank largely exceeds its assets. This suit was brought by the receiver upon the individual liability of the defendant over and above the amount of the stock held by him. The liability which the plaintiff, as receiver, seeks to enforce, was created by the following statute of the state of Iowa:

"Section 1. That all stockholders and shareholders in associations or corporations organized under chapter one aforesaid, for the purpose of transacting a banking business, buying or selling exchange, receiving deposits of

money, or discounting notes, shall be individually liable
to the creditors of such association or corporation of which
they are stockholders or shareholders, over and above the
amount of stock by them held therein, to an amount equal
to their respective shares so held for all its liabilities ac-
cruing while they remain such stockholders; and should
any such association or corporation become insolvent, and
its assets be found insufficient to pay its debts and liabili-
ties, its stockholders may be compelled to pay such de-
ficiency in proportion to the amount of stock owned by
each, not to exceed the extent of the additional liability
hereby created.

"Sec. 2. Should the whole amount for which the stock-
holders are made individually responsible as provided by
section one of this act, be found in any case to be inade-
quate to the payment of all the debts of any such asso-
ciation or corporation, after the application of its assets
to the payment of such debts, then the amount due from
such stockholders on account of their individual liability
created by this act, as such, shall be distributed equally
among all the creditors of such corporation in proportion
to the amount due to each."

Secs. 1 and 2, Chapter 208, Acts 18th Gen. Assem. Iowa.

The first section declares the stockholders shall be in-
dividually liable to the creditors of the corporation, over
and above the amount of their stock, in a sum equal to
their respective shares. And in case the amount of such
liability be insufficient after the application of the assets
of the corporation, the second section provides the amount
of the individual liability of the stockholders shall be dis-
tributed equally among all the creditors in proportion to
their respective amounts. The first section fixes the lia-
bility of the stockholders to pay, and declares it to be due
to the creditors, and not to the bank. That being so, the

bank can have no authority to act as the trustee or agent of the creditors. As the liability created by the statute is direct to the creditors, and not to the corporation, the latter can have no authority to act for them. The statute declares the liability of the stockholders to be an individual one, and an action at law might be an appropriate remedy, under some circumstances, by a creditor. But the equitable remedy being more flexible and better adapted to distributive justice, it would appear to be more appropriate when there are several creditors to sue or stockholders to be sued. When the entire amount of the individual liability above the stock may not be required, by that remedy a just proportion may be collected from each; or, when such entire amount may not be sufficient to pay all, a distribution may be made in proportion to the amount due each. There appears to be no necessity for thrusting the bank, or its receiver, between the creditors and the stockholders. 1 Cook, Stock, Stockh. & Corp. Law (3d Ed.) § 218; 3 Thomp. Corp. § 3098; *Jacobson v. Allen*, 12 Fed. 454; *Terry v. Little*, 101 U. S. 216; 2 Mor. Priv. Corp. (2d Ed.) § 869; *Wincock v. Turpin*, 96 Ill. 135; *Umstead v. Buskirk*, 17 Ohio St. 113; *Farnsworth v. Wood*, 92 N. Y. 308.

When it becomes necessary to resort to the individual liability of the stockholders above the amount of their stock, under a statute similar to the one quoted, the decided weight of authority is to the effect that the suit should be brought by the creditors, though there is a substantial conflict which cannot be reconciled; but we think the more reasonable and better rule is as we have stated it. This disposes of this appeal, and we do not deem it necessary to decide other questions raised and discussed by counsel. The judgment is affirmed, with costs to respondent.

BARTCH and MINER, JJ., concur.