# EVANS *v.* NELLIS.

## CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 66. Argued November 4, 1902.—Decided December 1, 1902.

The statutory liability of stockholders of corporations (other than railway, religious or charitable) equal to the amount of their stock under sections 32 and 34 of the General Statutes of Kansas of 1868, as decided by the highest court of that State, could not be collected by the receiver of an insolvent corporation, but was an asset which a creditor of the corporation alone could recover for his individual benefit to the extent required to pay his judgment obtained against the corporation.

The highest court of the State having decided that sections 14 and 15 of the laws of Kansas enacted in 1899, (Laws of 1898, c. 10,) repealed sections 32 and 34 of the statutes of 1868, and that the statutory liability of stockholders can be collected only by the receiver for the benefit of all creditors, and that the receiver must, under the system for collecting the assets and paying the debts of an insolvent corporation as provided in the statute, bring an action against the corporation and all the resident stockholders, it follows that the receiver of an insolvent corporation of Kansas (other than railway, religious or charitable) appointed in 1898, who has not brought an action against the corporation and all the stockholders resident in Kansas, cannot maintain an action either under the statute of 1868 or the law of 1899, in a Circuit Court of the United States, against an individual stockholder for the amount of the statutory liability.

THE questions to be answered and the case on which they arise are shown in the statement of facts and resulting questions of law constituting the certificate of the court below, which is as follows:

## "*Statement of facts.*

"That the Inter-State Loan and Trust Company is a corporation created and organized under and by virtue of the general laws of the State of Kansas, July 22, 1885, and as such was authorized to transact business as a land mortgage company; that in or about the month of November, 1897, E. B. Crissey commenced an action against the said The Inter-State Loan

and Trust Company in the United States Circuit Court for the District of Kansas, first division, to which court jurisdiction in that behalf duly appertained; that said action was duly commenced by the issue of a summons to said company; that said summons was duly served upon the said company, and that said company duly appeared in said suit by attorney and defended the same, and that such proceedings were afterwards had in said action that on the 31st day of December, 1897, a judgment was duly given and made in and by said court in said action in favor of the said plaintiff and against the said company, in and by which judgment it was decided, adjudged and decreed that there was due and owing to the plaintiff therein from and by the said company the sum of $6792.20 and $56.45 costs, and that the plaintiff therein have and recover said sum from the said company, with interest thereon from said date at the rate of six per cent per annum, and that the said plaintiff have execution therefor against the said company; that thereafter an execution against the property of the said The Inter-State Loan and Trust Company was duly issued out of the said court upon said judgment for the said sum of $6792.20 and the costs as aforesaid, directed to the United States marshal for the District of Kansas, and that thereafter the said marshal duly returned said execution wholly unsatisfied for the reason that no property, real or personal, belonging to said company could be found whereon to levy the same; that thereafter and on or about the 9th day of June, 1898, upon the application of the said E. B. Crissey, the plaintiff herein was duly appointed receiver of the said The Inter-State Loan and Trust Company by the Circuit Court of the United States for the District of Kansas, first division, to which said court jurisdiction therein duly appertained, and has duly qualified and acted as such; that thereafter and on or about the 9th day of February, 1899, an order was duly given and made in and by said Circuit Court of the United States for the District of Kansas, first division, by which order it was considered, adjudged, ordered and decreed that the said John H. Evans, as receiver, proceed against all or any of the stockholders of the Inter-State Loan and Trust Company, from whom, in his judgment, a re-

covery can be had to collect all of their liability as stockholders in said company, a copy of which order is hereto annexed and marked Exhibit A, and which copy the plaintiff herein prays may be considered as part of his complaint as if herein set forth in full; that the defendant is a citizen of the State of New York, and prior to the month of November, 1897, became a stockholder of said corporation and the owner of 602 shares of the capital stock thereof of the par value of $100 a share, and has ever remained a stockholder and the owner of said shares. At the time when the defendant became a stockholder of said corporation, and from that time ever since, it was provided by the constitution of the State of Kansas (sec. 2, article XII) as follows: 'Dues from corporations' (organized and existing under the laws of the State of Kansas) 'shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law; but such individual liabilities shall not apply to railroad corporations nor corporations for religious or charitable purposes.' At the time the defendant became a stockholder of said corporation it was provided by the General Statutes of Kansas of 1868 (sections 32 and 44) as follows:

" 'SEC. 32. If any execution shall have been issued against the property or effects of a corporation, except a railway or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon; but no execution shall issue against any stockholder, except upon an order of the court in which the action, suit or proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and, upon such motion, such court may order execution to issue accordingly; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment.'

" 'SEC. 44. If any corporation, created under this or any gen-

eral statute of this State, except railway, or charitable or religious corporations, be dissolved, leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the corporation in such suit; and if judgment be rendered, and execution satisfied, the defendant or defendants may sue all who were stockholders at the time of dissolution, for the recovery of the portion of such debt for which they were liable, and the execution upon the judgment shall direct the collection to be made from property of each stockholder, respectively; and if any number of stockholders (defendants in the case) shall not have property enough to satisfy his or their portion of the execution, then the amount of deficiency shall be divided equally among all the remaining stockholders, and collections made accordingly, deducting from the amount a sum in proportion to the amount of stock owned by the plaintiff at the time the company dissolved.'

" By a law of Kansas enacted January 11, 1899, sections 32 and 44 aforesaid were repealed, and by sections 14 and 15 it was provided as follows:

" ' SEC. 14. That section 32, chapter 23, of the General Statutes of 1868, be and the same is hereby amended to read as follows: Sec. 32. If any execution shall have been issued against the property or effects of a corporation, except a railway or a religious or charitable corporation, and there cannot be found any property upon which to levy such execution, such corporation shall be deemed to be insolvent, and upon application to the court from which such execution was issued, or to the judge thereof, a receiver shall be appointed to close up the affairs of said corporation. Such receiver shall immediately institute proceedings against all stockholders to collect unpaid subscriptions to the stock of such corporation, together with the additional liability of such stockholders equal to the par value of the stock held by each. All collections made by the receiver shall be held for the benefit of all creditors, and shall be disbursed in such manner and at such times as the court may direct. Should the collections made by the receiver exceed the amount necessary to pay all claims against such corporation, together with all

costs and expenses of the receivership, the remainder shall be distributed among the stockholders from whom collections have been made, as the court may direct; and in the event any stockholder has not paid the amount due from him the stockholders making payment shall be entitled to an assignment of any judgment or judgments obtained by the receiver against such stockholder, and may enforce the same to the extent of his proportion of claims paid by them.

" ' Sec. 15. That section 46, chapter 23, of the General Statutes of 1868, be and the same is hereby amended to read as follows: Sec. 46. The stockholders of every corporation, except railroad corporations or corporations for religious or charitable purposes, shall be liable to the creditors thereof for any unpaid subscriptions, and in addition thereto for an amount equal to the par value of the stock owned by them, such liability to be considered an asset of the corporation in the event of insolvency, and to be collected by a receiver for the benefit of all creditors.'

" The present action was brought in the Circuit Court of the United States for the Northern District of New York by the receiver of the said The Inter-State Loan and Trust Company, appointed as aforesaid, against the defendant to recover the sum of $60,200, alleging his liability as a stockholder and the owner of the said 602 shares of the said corporation.

" Upon the foregoing facts this court desires instructions upon the following questions:

## " *Questions of Law.*

" 1st. Are sections 14 and 15 of the laws of Kansas of 1899 valid legislation in view of the provision of the constitution of the State of Kansas respecting the individual liability of the stockholders of corporations, or are they invalid as subjecting such stockholders to liabilities other than ' dues from corporations ?'

" 2d. Do sections 14 and 15 aforesaid contravene the Constitution of the United States by impairing the contractual liability of the defendant previously existing as a stockholder of a corporation of the State of Kansas?

"3d. Is the plaintiff, as a receiver appointed as aforesaid, entitled to maintain an action in the Circuit Court of the United States for the Northern District of New York?

"In accordance with the provisions of section 6 of the act of March 3, 1891, establishing Courts of Appeal, etc., the fore-going questions of law are by the Circuit Court of Appeals for the Second Circuit hereby certified to the Supreme Court."

*Mr. L. A. Stebbins, Mr. C. J. Evans, Mr. P. Tecumseh Sherman* and *Mr. S. B. Stanton* for plaintiff in error.

*Mr. Andrew J. Nellis,* defendant in error, *pro se.*

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

The third question lies at the threshold, and requires to be answered before approaching the consideration of the first and second questions. This becomes apparent when it is seen that if the first and second be answered in such a manner as to sustain the cause of action, the question would yet remain whether the receiver, appointed as stated, had authority to prosecute the suit, whilst, on the other hand, if the conclusion be reached that the receiver was without power to bring the suit—irrespective of what might be the reply to the two first questions—these questions become irrelevant and the case is disposed of.

The judgment against the corporation in the Circuit Court of the United States for the District of Kansas was rendered on December 31, 1897, prior, therefore, to the enactment of the Kansas statute of 1899. So, also, the execution was issued and the receiver appointed prior to the passage of that act. After the receiver had been appointed, however, and subsequent to the passage of the act of 1899, the court entered an order, directing the receiver to proceed against "all or any of the stockholders of the Inter-State Loan and Trust Company, from whom, in his judgment, a recovery can be had to collect all of their liability as stockholders in said company." Now the authority to so direct the receiver must rest upon either the statute of

Kansas of 1868, referred to in the certificate, or upon the statute of 1899. But the right of the receiver of the assets of the corporation to sue under the Kansas law to recover the liability of a stockholder, cannot be evolved from the act of 1868, since that act made the liability of the stockholder not an asset of the corporation, but an asset which the creditor of the corporation alone could recover for his individual benefit, to the extent required to pay his judgment obtained against the corporation. In *Abbey* v. *Dry Goods Company*, 44 Kansas, 415, 418, it was said, referring to the liability under the act of 1868:

"The nature of this liability is peculiar; it seems to have been created for the exclusive benefit of corporate creditors; the liability rests upon the stockholders of the corporation to respond to the creditors, for an amount equal to the stock held by each, and it has been held that the action to enforce this liability can only be maintained by the creditors themselves, in their own right and for their own benefit."

The nature and extent of the liability under the Kansas statute of 1868 was so fully reviewed and stated in *Whitman* v. *Oxford National Bank*, 176 U. S. 559, that we content ourselves with referring to that case as conclusively demonstrating the proposition previously stated. Tested, then, by the Kansas act of 1868, it is manifest that the receiver had no authority to bring this suit even in the courts of the State of Kansas, and he clearly, therefore, had no power to prosecute such action in the courts of another jurisdiction. Indeed, it is manifest that the suit brought by the receiver which is now under consideration was not deemed by him to be a suit under the Kansas act of 1868, since the recovery which he seeks was not the amount of the judgment rendered in favor of the creditor in the particular suit wherein the receiver was appointed, but the whole sum of the stockholder's double liability, which could only be upon the theory that the receiver was entitled to take such liability as the receiver of the corporation and as a corporate asset to pay the debts generally. In fact, the foregoing propositions might have been taken as conceded, since in the argument at bar the right of the receiver to sue was upheld, not on the ground that he was acting under the act of 1868, but that he was proceeding

in furtherance of and in supposed conformity to the act of 1899. This contention being in effect rested on the proposition that although the judgment was rendered and the receiver appointed before the passage of the act of 1899, the order of the court empowering him to enforce the liability of stockholders was entered after the enactment of the act of 1899, and therefore conferred upon the receiver the authority which it is in the argument assumed, he would have had a right to exercise if appointed under that act.

The question then is, conceding *arguendo* the proposition that the receiver was appointed under the act of 1899 and in supposed conformity to it, was he authorized to prosecute this suit by virtue of the act of '1899 ? The import of the Kansas act of 1899 and the extent of the powers which it called into being, were decided by the Supreme Court of Kansas in *Waller* v. *Hamer*, (June 7, 1902,) not yet reported in the official reports but found in the advanced sheets of the 69th Pacific Reporter, p. 185. In that case two creditors obtained judgment in a Kansas court against a corporation. Execution having been issued and returned no property found, one of the creditors moved for the appointment of a receiver to close up the affairs of the corporation, which motion was allowed. The receiver thus appointed brought suit against a stockholder to recover his unpaid subscription and statutory liability. The defendant filed an answer and a plea in abatement, which, among other things, we quote from the opinion of the Kansas court, asserted " that the receiver should not be permitted to further prosecute the action against him until all the stockholders were brought into court, to the end that a final ascertainment of the debts of the corporation and an adjustment and settlement of the liabilities of the stockholders to the corporation and as between themselves might be had. To this plea in abatement the plaintiff demurred, which demurrer was sustained. Thereafter, upon leave of court, the defendant demurred to the petition for the reasons : (1) That the plaintiff had no legal capacity to institute and maintain the present action ; (2) that the petition did not state facts sufficient to constitute a cause of action against the defendant ; (3) that there is a defect of

parties plaintiff ; (4) that there is a defect of parties defendant. This demurrer was overruled, and thereafter the defendant answered." In reviewing the action of the trial court the Supreme Court of Kansas said :

"Prior to the enactment of chapter 10, Laws of 1898, the creditor of a business corporation, other than a railway or bank, might proceed against the individual stockholders only (1) by motion after judgment and execution against the corporation returned *nulla bona;* (2) by action after dissolution, either by expiration of time, judgment of dissolution, or suspension of business for more than one year, as provided in sections 32, 46, Corp. Act, 1868. Chapter 10 of the Laws of 1898 repealed said sections 32 and 46, and substituted therefor sections 14 and 15."

The sections of the act of 1899 referred to are those set out in the certificate of the court below. The court then further said that it was obvious that the act of 1899 created an " entirely different remedy from that provided by the act of 1868," and declared, referring to the act of 1899, that " there exists no other statute by which the creditor of an insolvent or dissolved corporation may proceed against its stockholders. It follows, therefore, that if a creditor desires to make a stockholder respond for the debts of the corporation he must proceed against him in the mode prescribed and no other." Proceeding, then, to test the right of the receiver to sue, by the act of 1899, the court held that, as he had not brought a suit against the corporation and all the resident stockholders, in order in such suit to fix the sum required to pay the corporate debts, he, the receiver, was wholly without authority under the statute to make any demand whatever against a stockholder, as the previous suit to fix the sum required to pay the debts was an essential prerequisite under the statute to any action by a receiver appointed under the act of 1899 against a stockholder. Summing up its view of the act of 1899, the court said :

" This act provides a complete system for collecting the assets and paying the debts of an insolvent corporation, and of adjusting the liabilities of the stockholders between themselves. To do this the receiver must bring in all stockholders that are within the jurisdiction of the court, that in one proceeding the

court may ascertain and determine the indebtedness of the corporation, the amount each stockholder should pay, and, if one has paid more than his proportion, award him such relief against the other stockholders as may appear just. The receiver having failed to comply with this plain statutory requirement, the demurrer to the plea in abatement should have been overruled."

It therefore follows that there was no authority conferred by the act of 1899 of Kansas, from which the right of the receiver to bring the suit which is now before us, can be deduced. It having been heretofore demonstrated that there was no such right under the act of 1868, and as there is no such power under the act of 1899, it follows necessarily that the receiver was without any authority whatever, and the third question must be answered no. Of course, in answering this question we express no opinion whatever as to how far, if at all, the act of 1899 could validly operate to repeal the right of action in favor of creditors given by the Kansas statute of 1868, so far as creditors are concerned, whose debts accrued prior to the repeal. We of course also express no opinion whatever upon the question of how far the rights and remedies conferred by the act of 1899 could lawfully be enforced against stockholders in corporations who became such stockholders prior to the passage of that act. And this of course excludes the intimation of any opinion as to how far a judgment rendered in a court of Kansas in a suit brought by a receiver against the corporation and the resident stockholders, to fix the sum required to pay the corporate debts, would be binding upon non-resident stockholders not directly a party to such action especially where their subscription to stock had been made prior to the enactment of the act of 1899.

*The third question will be answered no, and it is unnecessary to answer the other questions.*