# Farmers' Bank of Wickliffe's Assignee v. Scott.

(Decided September 28, 1911.)

## Appeal from Ballard Circuit Court.

Insolvent Bank—Assignment—Action Against Stockholders.—The assignee of an insolvent bank to whom its property has been assigned for the benefit of its creditors, cannot maintain an action against its stockholders to enforce their double liability under the statute, there being no statutory authority authorizing him to do so.

J. B. WICKLIFFE for appellant.

JAS. HUSBANDS, HAL S. CORBETT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

The Farmers' Bank of Wickliffe was incorporated under the laws of this State in 1902. In 1908 it made an assignment to J. B. Wickliffe as trustee for the benefit of all its creditors. Wickliffe, as trustee, took charge of the assets of the bank and administered them. They proved insufficient to pay its liabilities. G. T. Scott was a stockholder in the bank to the amount of $2,000, and Wickliffe, as trustee, brought this suit against Scott to enforce against him his double liability as a stockholder under section 547, Kentucky Statutes. The circuit court sustained a demurrer to the petition; the plaintiff declined to plead further and the action having been dismissed, he appeals.

Section 547, Kentucky Statutes, so far as material, is as follows:

"Stockholders in banks, trust companies, guaranty companies, investment companies and insurance companies shall be liable equally and ratably, and not one for the other, for all contracts and liabilities of such corporation to the extent of the amount of their stock at par value, in addition to the amount of such stock."

There is no statute authorizing a trustee or assignee for the benefit of creditors to enforce this liability. The powers of such a trustee are regulated by sections 74-96, Kentucky Statutes. He is given authority by section 84 to bring an action to set aside any preferential or fraudulent transfer, but with this exception, his powers are

confined to the administration of the assets of the debtor assigned to him. The question presented is may a trustee to whom the property of the corporation has been assigned for the benefit of creditors, enforce the stockholders' double liability, or must the action be brought by the creditors themselves? In Covington Stone and Sand Co. v. Rosedale Electric Light Jockey Club, 25 R., 964, we said:

"The double liability of the stockholder under the statute is to the creditors and not to the corporation, and each creditor is entitled to look to this fund for the payment of his debt."

In Tiger Shoe Co. v. Shanklin, 125 Ky., 723, we again said:

"The obligation on the part of the shareholder to pay for the stock subscribed for by him is a direct undertaking upon his part, and the unpaid subscriptions are a trust fund for the benefit of the creditors; whilst his liability for an amount equal to the value of his stock is a collateral or secondary obligation, in the nature of security, and the bankrupt act, as amended in 1903 provides that: 'The bankruptcy of a corporation shall not release its officers, directors or stockholders as such from any liability under the law of a State or Territory or of the United States.' It will thus be seen that the fact that the corporation is adjudged a bankrupt does not relieve the stockholders from the individual or double liability imposed by the statute. This liability can not be enforced by the corporation. It is not a corporation asset, nor a part of the estate of the corporation, and hence does not pass to the trustee, but remains subject to the demands of the creditor if the assets of the corporation are insufficient to discharge his debt. And this individual liability the creditor may proceed to enforce, without joining the trustee, and without regard to the act of bankruptcy."

The precise question was before the Supreme Court of Indiana in Runner v. Dwiggins, 36 L. R. A., 645; denying a recovery the court said:

"Certainly it can not be asserted with any reasonable support that this peculiar liability imposed by the statute upon those who become shareholders of a banking association organized under the existing law is in any sense an asset, right, or interest of the bank, which it, as an insolvent debtor, can, by its deed or assignment,

pass to its assignee, or in any manner vest the enforcement thereof in him. In the absence of some statutory provision conferring the right, neither the corporation nor its assignee nor receiver can enforce such a liability as that in question. The statute creating the liability against the stockholders was enacted for the benefit of the creditors of the bank, and it is these creditors, when the right of action accrues, that are authorized, under our present statutes, to maintain the action."

A number of other authorities are collected in these opinions. The rule seems to have the support of the text writers.

Judgment affirmed.